Battle, J.
 

 The principles applicable to this case have so recently been discussed and settled in this Court, that it
 
 *172
 
 will only be neGessary for us to refer to them. Iir Waldo-v. Belcher, 11 Ired. 612, it ivas held, upon the authority of the cases of White y. Wilks, 5 Taun. 196, Austin v. CkayeN, 4 Taun. 644, Burk v. Davis,. 2 M. and Sel. 397, and Devane v. Fennel, 2 Ired. 36, that, if a part only, of a largo quantity of goods be sold, and cannot be ascertained without weighing or measuring or other act separating and distinguishing it from the rest, the purchaser cannot obtain a title to'the ¿bods until his portion has been set apart-But, say the Court, “-when the property is specific, and is in a condition to be identified and delivered, and the intention is proven to be that the property shall
 
 presently pass, it
 
 does pass.” Alliian v. Davis, 2 Ired, 12, where a wagon was sold, but retained, by the seller to put bows upon it, is given as an instance of a delivery inferred from the intention of the parties that the title should pass. Another illustration is there given, which is almost identical with the present case :
 
 “
 
 If one sell all the corn in a certain crib, at §2 60 per barrel, and it is the intention that the corn shall presently pass to- the purchaser and become his property, it does pass, although it is necessary afterwards to have the corn measured' to' ascertain the amount,, and fix the sum
 
 to
 
 be paid : because, supposing the thing to be in a condition to bo delivered, the fact that something remains to be done to ascertain the quantity and fix the amount to bo paid, only raises the presumption that it was not the intention of the parties that the property should pass until the weighing or measuring was done. But this presumption may be rebutted, and' the property does pass, if the jury are satisfied that such was the intention.”
 

 In the present case, the fact that the parties, after the contract of purchase was made, agreed upon the quantity,, and part of the price was actually paid, in connection with the other circumstances,. certainly furnishes sufficient evidence to justify the inference that the parties intended the
 
 *173
 
 ¿property in the corn'to pass. That being so, tbe verdict which was taken, subject to the opinion of the .Court whether, upon the evidence, the plaintiff ..could recover must stand, because the plaintiff’s right to recover depends upon the question whether theTe was any ..evidence sufficient to justify the jury in finding that the panties intended a delivery of the corn; and we have just said that there -was.
 

 The judgment of non-suit must be set aside, and judgment must be entered here for the plaintiff, for the.amount of damages assessed by the jury in .the Court below.
 

 Judgment reversed.